UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

Case No. 12-20237
HON AVERN COHN

GREGORY JOSEPH BIEMANS,

    Defendant.

_____/

## MEMORANDUM ON SENTENCING

I.

On February 05, 2013, the Court sentenced defendant to a custodial term of thirty (30) months, followed by five (5) years of supervised release, and a $100.00 Special Assessment. The sentencing was followed by remarks from the bench. The following is a revised statement of those remarks.

II.

Defendant was before the Court for sentencing on his plea of guilty to a violation of 18 USC §2423(b), which makes it a crime to travel into the United States for purposes of engaging in any illicit sexual conduct with another person. In defendant's words:

> I entered the country on March 9 of this year [2012] with the intention of having sexual intercourse with a 16 year old from Chicago, Illinois. I knew she was under 18. I knew her age was 16.

Also at the hearing defendant acknowledged that on November 10, 2011 he entered the United States, and that after his entry he engaged in sexual intercourse with the same 16 year old in Chicago.

Defendant and the 16 year old wrote internet exchanges for approximately six (6) months of a sexual nature, and each sent the other salacious pictures of themselves.

Prior to sentencing, the Court received and read the Rule 11 Plea Agreement, the Presentence Investigation Report, sentencing memoranda from the parties, letters from relatives of the defendant, a Psychological Examination and Risk Assessment Report, letters from the defendant, and a letter from the father of the 16 year old. The father also addressed the Court prior to sentencing.

The Rule 11 Plea Agreement and the Presentence Investigation Report recommended an offense level under the guidelines of 25, and a criminal history of I. This calls for a sentencing range of 57-71 months. The base offense level was 24. There was a two-level increase for use of a computer, and a two-level increase because a sexual act was involved. There was a three-level reduction in the offense level for acceptance of responsibility.

Without the two (2) enhancements, the offense level is 21. This offense level with a criminal history of I, together with a three-level reduction for acceptance of responsibility calls for a sentencing range of 37-46 months.

Objections to the Presentence Report were resolved.

The 18 USC §3553 factors were discussed in the Presentence Report at ¶¶75 to 83. These paragraphs are attached.

The Presentence Investigation Report recommended a sentence of 30 months, and stated as justification the following:

> It is the Probation Department's position that a custodial sentence is needed to deter the defendant and others from becoming involved in similar criminal conduct. However, a sentence within the advisory guideline range of 57 to 71 months seems greater than necessary to comply with the factors of 18 USC §3553(a). Therefore, the Probation Department recommends a sentence of 30 months' custody. This sentence appears to be adequate in promoting respect for the law and should be a deterrent for recidivism.

The Court at sentencing committed the defendant to the custody of the Bureau of Prisons for a term of 30 months, followed by five years of supervised release under the standard conditions of this district. Defendant also paid a special assessment of $100.00.

The Court waived the imposition of a fine, costs of incarceration, and costs of supervision due to the defendant's lack of financial resources. The mandatory drug testing condition was suspended since the defendant posed a low risk of substance abuse. The defendant was directed to abide by the standard terms and conditions of supervised release as adopted by this district. The following special conditions were imposed:

- Compliance with sex offender registration requirements of state and federal law
- No association with children under the age of eighteen (18)
- Not in any manner or form to associate with the victim.

III.

While the sentence imposed reflects a variance from the applicable guideline range, the Court is satisfied that it is sufficient, but not greater than necessary, to satisfy the purpose of sentencing -- just punishment, deterrence, protection of the public and rehabilitation of the defendant.

As the probation officer put it, a 57-71 month range "seems greater than necessary to comply with the factors of 18 USC §3553(a)."  Also:

- this is defendant's first offense
- defendant is highly unlikely ever again to commit such an offense
- defendant has had mental health issues in the past
- the defendant will be deported after completion of his sentence
- as a registered sex offender, defendant will not be allowed to enter the United States ever again
- defendant has acknowledged the wrongfulness of his conduct


      S/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 20, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami  
      Case Manager, (313) 234-5160

ATTACHMENT

## PART E. FACTORS THAT MAY WARRANT DEPARTURE

73. The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range.

## PART F. OTHER FACTORS TO BE CONSIDERED IN SENTENCING

74. Presentation of information in this section does not necessarily constitute a recommendation by the probation department for a sentence outside of the advisory guideline range. It provides the Court with factors to be considered when imposing a sentence.

75. The following factors shall be considered pursuant to 18 U.S.C. § 3553.

    **(a)(1)**
    **The nature and circumstances of the offense and the history and characteristics of the defendant.**

76. The defendant is 24 years old. He has never married and does not have any children. The instant offense represents his first criminal conviction. BIEMAN'S has a history of mental/emotional issues dated back to childhood. As a result, he spent the bulk of his childhood institutionalized. BIEMANS was released at the age of 18 and has since maintained short-term employment and according to his mother, has lived a somewhat isolated lifestyle. As it relates to his involvement in the instant offense, the defendant befriended a 15-year-old girl whom he met over the internet. Knowing her age, he traveled from Canada into the United States to engage in sexual intercourse with her. At the time of his arrest, BIEMANS was again traveling to meet the teenager for the purpose of engaging in sexual relations. The inappropriate relationship has reportedly resulted in bi-weekly therapy sessions for the minor victim and has had a significant emotional and financial impact on her parents as well. The defendant has never served a sentence of imprisonment before and is now facing a minimum of nearly five years incarceration under the guidelines. The defendant maintains the support of his mother.

    **(a)(2)(A)**
    **To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

77. The offense is very serious as reflected by the sentencing guideline range and maximum penalty of 30 years custody. Furthermore, the defendant may be required to register in the United States and Canada as a sex offender.

    **(a)(2)(B)**
    **To afford adequate deterrence to criminal conduct.**

78. The defendant has never experienced the criminal justice system in this magnitude, which may in itself serve as individual deterrence. A sentence within the guideline range may serve as general deterrence.

**(a)(2)(C)**
**To protect the public from further crimes of the defendant.**

79. The offense is predatory in nature considering that the defendant knowingly engaged in a sexual relationship with a minor. Furthermore, he has a history of violence in the home that appears exacerbated by chronic mental health issues.

**(a)(2)(D)**
**To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

80. The defendant has mental health issues that may be effectively treated within the community as well as within the Bureau of Prisons. If a custodial sentence is imposed, the defendant may also participate in educational/vocational training that will allow him to earn his high school equivalency and obtain marketable job skills. The defendant is subject to deportation following his release from custody; therefore, he will not be actively supervised by the probation department.

**(a)(3)**
**The kinds of sentences available.**

81. Absent a departure or variance, the sentencing guidelines advise a custodial sentence of 57 to 71 months, followed by a five-year term of supervised release. While in the custody of the Bureau of Prisons (BOP), the defendant may participate in the Non-residential Sex Offender Treatment Program. Placement into the program is voluntary and requires at least a 27-month custodial sentence. It should be noted that the BOP also offers a Residential Sex Offender Treatment Program at FMC Devans (Massachusetts). The criteria for the program include; repeat offenders, identified risk factors, including pedophilia, voyeurism, or exhibitionism; and history of contact/attempted contact offenses.

**(a)(6)**
**The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

82. There are no codefendants in this case. A sentence within the guideline range would avoid unwarranted sentence disparities among defendants with similar records.

**(a)(7)**
**The need to provide restitution to any victims of the offense.**

83. The provisions of the Mandatory Victim Restitution Act of 1996 apply to this Title 18 offense. However, the parents of the minor victim are not seeking restitution.